UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LAURA E. PLUMMER,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-35

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

# REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 11), Plaintiff's reply (doc. 12), the administrative record (docs. 6, 7),[2] and the record as a whole.

## I.

### A. Procedural History

Plaintiff originally filed an application for SSI in October 2010 alleging disability s a result of a number of alleged impairments including, *inter alia*, lumbar degenerative disc disease, morbid obesity, depression and anxiety. PageID 1878.

After an initial denial of her application, Plaintiff received a hearing before ALJ Amelia G. Lombardo who issued a decision on February 6, 2013 finding Plaintiff not disabled. PageID 1854. Specifically, ALJ Lombardo found at Step 5 that, based upon Plaintiff's residual

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

functional capacity ("RFC") to perform a reduced range of light work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" *Id.* Thereafter, the Appeals Council denied Plaintiff's request for review. *Id.* On appeal to this Court, Judge Rice reversed ALJ Lombardo's non-disability finding and remanded the case to the Commissioner for additional administrative proceedings. *Plummer v. Comm'r of Soc. Sec.*, No. 3:14-cv-215, 2015 U.S. Dist. LEXIS 130601, at *1 (S.D. Ohio Sept. 28, 2015).

On remand, Plaintiff received a hearing before ALJ Mark Hockensmith on September 6, 2016. PageID 1780-1814. ALJ Hockensmith issued a decision on November 21, 2016 finding Plaintiff not disabled. PageID 1743-67. In that decision, ALJ Hockensmith -- like ALJ Lombardo -- found at Step 5, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work, "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]"

The Appeals Council denied Plaintiff's request for review, making the ALJ Hockensmith's non-disability finding the final administrative decision of the Commissioner. PageID 1740-42. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007). Thus, the court here reviews just the non-disability finding by ALJ Hockensmith (hereafter "ALJ").

**B.    Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 1743-67), Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 416.967(a).

(doc. 11), and Plaintiff's reply memorandum (doc. 12). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a

"disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred by: (1) improperly weighing opinion evidence (namely the opinions of treating psychiatrist Vicky Moody, D.O. and treating physician Scott Shaw, M.D.); (2) improperly weighing the non-treating source opinions (record-reviewing psychologists Steven J. Meyer, Ph.D., Irma Johnston, Psy.D. and Kevin Edward, Ph.D.); (3) failing to consider all of her impairments -- namely, migraines and liver

problems -- throughout the sequential review process; and (4) applying the incorrect legal standard to her history of substance abuse/addiction. Doc. 10 at PageID 4285-95.

### A. Medical Source Opinions

With regard to the weighing of opinion evidence, until March 27, 2017, "the Commissioner's regulations [which apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations then in effect which control here, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r*

*of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.927(c).[4]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 416.927(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Plaintiff first alleges the ALJ erred in the evaluating medical opinions from treaters Drs. Moody and Shaw. In August 2009, Dr. Moody offered an assessment of Plaintiff's work-related limitations and concluded that she was markedly limited in her ability to maintain attention and concentration; in her ability to interact appropriately with the general public; and in her ability to perform activities within a schedule, maintain regularly attendance, and be punctual within customary tolerances. PageID 667. The ALJ reasonably assigned these limitations no weight, finding that they were inconsistent with clinical and laboratory diagnostic techniques and inconsistent with other substantial evidence in the record. PageID 1754. Dr. Moody also opined

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id*.

6

that Plaintiff was "unemployable." PageID 668. A medical source's opinion -- including the opinion of a treating medical source -- that a claimant is disabled is an issue "reserved to the Commissioner" and not entitled to "any special significance." 20 C.F.R. § 416.1527(d)(1). The undersigned finds no reversible error in the ALJ's assessment of Dr. Moody's opinion.

The record also contains opinions from treating physician Dr. Shaw. PageID 1736-37. In December 2012, Dr. Shaw found that Plaintiff was limited to lifting 10 pounds occasionally and 10 pounds frequently; could stand 15 minutes at one time; could sit 30 minutes at one time; could work 2 hours per day; could never bend or stoop; and would occasionally need to elevate legs or lay down. PageID 1736. The ALJ reasonably gave Dr. Shaw's opinion "little weight" as it did not conform to actual objective medical evidence or clinical findings. PageID 1761. Any error in this regard is harmless if the ALJ "has otherwise met the regulation's goal." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 380 (6th Cir. 2013). The undersigned finds that the ALJ otherwise met the regulation's goal and finds no reversible error in the ALJ's assessment of Dr. Shaw's opinion.

Plaintiff also alleges the ALJ erred in weighing the non-treating source opinions, namely record-reviewing psychologists Meyer, Johnston and Edward. PageID 4293-24. The ALJ reasonably assigned each of these medical source opinions "significant weight" as each was consistent with the overall evidence of record. PageID 1755-56. The undersigned finds no reversible error in the ALJ's assessment.

Based upon the foregoing, the undersigned finds the ALJ's assessment of these medical source opinions supported by substantial evidence. As a result, the ALJ's findings in this regard should be affirmed.

7

### B. Migraine and Liver Impairments

Contrary to Plaintiff's assertions, the ALJ reasonably accounted for Plaintiff's migraines and liver impairments in his assessment of her RFC. PageID 1762-64. Although the ALJ found Plaintiff's hepatitis C and migraine problems each to be a severe impairment, "[a] claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." *Walker v. Astrue*, No. 3:11-cv-142, 2012 WL 3187862, at *5 (S.D. Ohio 2012), quoting *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. Appx. 435, 429 (6th Cir. Feb. 7, 2007) (internal quotation marks and additional citation omitted). In other words, there is no legal requirement for a specific limitation to be included in a hypothetical RFC in order to represent every "severe" impairment. Although the RFC selected by the ALJ might not be the same RFC that Plaintiff would have selected, the ALJ clearly explained his rationale based upon objective evidence in the record, and the RFC he determined is, without question, within the permissible "zone of choice" that the Sixth Circuit discussed in *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

Based upon the foregoing, the undersigned finds the ALJ's assessment of Plaintiff's RFC supported by substantial evidence. Thus, the ALJ's findings in this regard should be affirmed.

### C. Substance Abuse/Addiction

Plaintiff last argues that the ALJ erred in assessing her history of substance dependence and abuse. PageID 4294-95. Social Security Ruling 13-2p governs the evaluation of cases involving drug addiction and alcoholism ("DAA"). SSR 13-2p, 2013 SSR LEXIS 2, (Feb. 20, 2013), *amended*, March 22, 2013. SSR 13-2p provides that the analysis -- of whether DAA is a contributing factor material to a disability determination -- should be undertaken when a claim includes evidence from "acceptable medical sources . . . establishing that DAA is a medically determinable impairment(s)." *Id.* (citing 20 C.F.R. §§ 404.1513, 416.913). The ALJ thus need

make a DAA materiality determination only when: (1) there is "medical evidence from an acceptable medical source establishing that a claimant has a Substance Use Disorder," and (2) the claimant is found to be disabled "considering all impairments, including the DAA." *Id.*

Here, the ALJ determined that Plaintiff is not disabled, even when considering the effect of her drug addiction and/or alcoholism. PageID 1758, 1767. Therefore, the ALJ properly followed the requirements set forth in SSR 13-2p. As a result, ALJ's findings in this regard should be affirmed.

## IV.

For the foregoing reasons, the Court finds Plaintiff's assignments of error unmeritorious. **IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and (2) this case be **CLOSED**.

Date: January 5, 2018          s/ Michael J. Newman  
                                                            Michael J. Newman  
                                                            United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).