IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAURA E. PLUMMER,

    Plaintiff,

vs.

NANCY A. BERRYHILL,

Acting Commissioner of the
Social Security Administration,

    Defendant.

:
:
:
:
:
:
:
:
:

Case No. 3:17-cv-35

JUDGE WALTER H. RICE

MAGISTRATE JUDGE
MICHAEL J. NEWMAN

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #13); OBJECTIONS OF
PLAINTIFF, LAURA E. PLUMMER, TO SAID JUDICIAL FILING (DOC. #14)
ARE OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF
DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION, AND AGAINST PLAINTIFF,
AFFIRMING THE DEFENDANT COMMISSIONER'S DECISION THAT
PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO
BENEFITS UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

Plaintiff Laura E. Plummer ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On January 5, 2018, Magistrate Judge Michael J. Newman filed a Report and Recommendations, Doc. #13, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be affirmed.

Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations, Doc. #13, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #6, Doc. #7, and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations and OVERRULES Plaintiff's Objections, Doc. #14, to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of the Commissioner and against Plaintiff, affirming the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than

a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. In assessing Plaintiff's Residual Functional Capacity ("RFC"), the Commissioner's Administrative Law Judge ("ALJ") assigned "greater weight" to the following "moderate" limitations in Plaintiff's abilities, as opined by Vicky Moody, D.O., Plaintiff's treating psychiatrist: sustaining an ordinary routine unsupervised; accepting instructions and responding appropriately to criticism from supervisors; interpersonal interaction; and setting goals or making plans independently. Doc. #7-1, PAGEID #1754. The ALJ found that those limitations were "substantiated by mental health treatment records as well as the longitudinally consistent [Global Assessment of Functioning] scores indicative of 'moderate' symptoms assigned the claimant in mental health treatment reports[.]" *Id.* However, the ALJ gave "no weight" to several "marked limitations" opined by Dr. Moody, finding that those limitations were belied by Dr. Moody's treatment notes and Plaintiff's improvement in functioning after her substance abuse went into remission. *Id.*, PAGEID #1754-55.

Plaintiff argues that the ALJ erred in several respects. First, the only evidence cited by the ALJ of inconsistency between Dr. Moody's opined limitations and the evidence of record were three treatment sessions in 2010 where Plaintiff reported feeling somewhat better. This evidence, Plaintiff argues, is insubstantial when examined against more than six years of severe symptomology documented in evidence of record. Doc. #14, PAGEID #4339-40 (citing Doc. #7-1, PAGEID #1755; *Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985)). Second, Plaintiff claims, Dr. Moody's opinions were

4

consistent with those of E.C. Longo, III, M.D., Plaintiff's treating physician, and Regina McKinney, Psy.D., one of the Commissioner's examining psychologists. *Id.*, PAGEID #4341 (citations omitted). This consistency, Plaintiff argues, weighed in favor of giving controlling or great weight to the entirety of Dr. Moody's opinions. *Id.* Third, Plaintiff claims that any inconsistency between her opinion and evidence of record could only be the basis for denying controlling weight to Dr. Moody's opinions, not to discount them entirely. *Id.*, PAGEID #4341-42 (quoting Soc. Sec. R. 96-2p, 1996 WL 374188, at *4 (Soc. Sec. R. Jul. 2, 1996), *rescinded at* 2017 WL 3928305 (Mar. 27, 2017)). Finally, Plaintiff argues that the ALJ, in violation of Sixth Circuit precedent, applied greater scrutiny to Dr. Moody's opinion vis-à-vis the opinions of non-treating sources, and relied upon Plaintiff's past substance abuse (later in remission) to discount Dr. Moody's opinion. *Id.*, PAGEID #4342 (citing Doc. #7-1, PAGEID #1755; *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 379 (6th Cir. 2013)).

Contrary to Plaintiff's arguments, the ALJ's assessment of Dr. Moody's opinion was proper, well-reasoned and supported by substantial evidence. The Court may not reweigh the evidence simply because it thinks that Dr. Moody's opinion should have been weighed differently; nor may it disturb the ALJ's findings when, as here, the ALJ adequately explained why Dr. Moody's opinions were contradicted, in part, by her own treatment notes. Doc. #7-1, PAGEID #1755. Even if, as Plaintiff argues, Dr. Moody's opinions were consistent with those of Drs. Longo and McKinney, the ALJ also noted that her opinions were <u>inconsistent</u> with those of the Commissioner's record reviewing psychologist, to whose opinions the ALJ gave significant weight: Irma Johnston, Psy.D., and examining psychologists, Steven J. Meyer, Ph.D., and Kevin Edwards, Ph.D. *Id.*; *see*

5

*also* Doc. #6-3, PAGEID #410-11; Doc. #6-8, PAGEID #1043-46; Doc. #6-10, PAGEID #1430-32). Again, even if the Court would have weighed the evidence differently than did the ALJ, that difference is not grounds for reversal. Further, inconsistency of a treating medical source's opinion with evidence of record is a valid reason both to refuse to assign controlling weight to that opinion at step one of the treating physician rule <u>and</u> to assign it little or no weight at step two. 20 C.F.R. § 404.1527(c)(2, 4). Also, while "[a] more rigorous scrutiny of the treating-source opinion than the nontreating and nonexamining opinions is precisely the inverse of the analysis that the regulation requires[,]" *Gayheart*, 710 F.3d 365, 379 (6th Cir. 2013) (citations omitted), any additional scrutiny afforded Dr. Moody's opinions worked in Plaintiff's favor, as the ALJ assigned "moderate weight" to certain portions of the opinions, rather than rejecting the opinions in their entireties.

Finally, while the ALJ noted Plaintiff's improvement when her drug addiction was in remission, Doc. #7-1, PAGEID #1755, he found that Plaintiff's "history of opioid addiction" was a severe impairment, *id.*, PAGEID #1747, and that "substance use disorder no doubt played a role in producing the claimant's current condition[.]" *Id.*, PAGEID #1758. Thus, the ALJ properly considered Plaintiff's history of drug addiction, and remission of same, in evaluating the extent to which Dr. Moody's opinions—rendered before the alleged disability onset date—informed the determination of whether Plaintiff was disabled on or after the alleged onset date.

2. On October 26, 2012, Scott Shaw, M.D., Plaintiff's treating physician, completed a questionnaire, in which he opined that Plaintiff's limitation of motion in her spine caused pain and limitations in her ability to lift, sit or stand, and rendered her unable

6

to work more than two hours per day. Doc. #7-1, PAGEID #1760-61 (citing Doc. #6-11, PAGEID #1736-37). The ALJ assigned the opinion "little weight," noting that the opined limitations were contradicted both by other medical evidence of record and Plaintiff's own testimony. *Id.* PAGEID #1761. In her Objections, Plaintiff notes that the ALJ failed to apply the two-step treating physician rule, and argues that the ALJ's conclusion that Dr. Shaw's opinion "did not conform to actual objective medical evidence or clinical findings" constituted "playing doctor," and was not a valid basis for assigning little weight to Dr. Shaw's opinion. Doc. #14, PAGEID #4343 (quoting Doc. #13, PAGEID #4334; *Gayheart*, 710 F.3d at 380).

Yet, the treating physician rule does not require a rigid adherence to formula, so long as the ALJ provides "good reasons" for his decisions both to refuse to assign controlling weight and to assign little or no weight. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (quoting 20 C.F.R. § 404.1527(c)(2)) ("The regulation requires the agency to 'give good reasons' for not giving weight to a treating physician [opinion] in the context of a disability determination."). The ALJ discussed extensively the medical evidence of record that contradicted or failed to support Dr. Shaw's opinion. Doc. #7-1, PAGEID #1761. At both steps of the treating physician rule, lack of supportability and inconsistency with other evidence of record are valid reasons to discount a treating physician's opinion. 20 C.F.R. § 404.1527(c)(2-4). Accordingly, the ALJ's decision to assign little weight to Dr. Shaw's opinion was properly analyzed and will not be disturbed.

3. As discussed above, the ALJ gave significant weight to the opinions of Drs. Edwards, Johnston, and Meyers, the Commissioner's record reviewing psychologists,

7

finding that their opinions were "consistent with the overall evidence of record[.]" Doc. #7-1, PAGEID #1755. Plaintiff argues that the opinions of the each record reviewing psychologist is inconsistent with the opinions of the others; thus, she claims, the ALJ's assignments of significant weight were not supported by substantial evidence. Doc. #14, PAGEID #4345 (citations omitted). Yet, as the ALJ discussed, Drs. Meyer, Edwards and Johnston rendered their opinions in 2008, 2009 and 2011, respectively. Doc. #7-1, PAGEID #1755. During that time, Plaintiff's condition improved, due in part to her drug addiction being in remission. Id., PAGEID #1755-56. Thus, any "inconsistencies" are better explained as differing—but accurate—reflections of Plaintiff's mental capabilities at the time that each psychologist reviewed evidence of record. As supportability is a factor to be considered in deciding the weight to give a non-treating source opinion, 20 C.F.R. § 404.1527(c)(3), the Court will not disturb the ALJ's findings.[2]

4. Plaintiff claims that the ALJ erred in refusing to incorporate specific limitations in her RFC relating to her migraines, liver impairment, and upper extremity compartment syndrome, despite finding all three to be severe impairments. Doc. #14, PAGEID #4346-47 (citations omitted). "A claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the

---

[2] In her Objections, Plaintiff also claims that the ALJ erred in evaluating the opinion of Dr. McKinney, the Commissioner's examining physician. Doc. #14, PAGEID #4346 (citing Doc. #10, PAGEID #4294). While the ALJ afforded Dr. McKinney's "some weight," he did not specify the portions of the opinion that he was accepting or rejecting. Doc. #7-1, PAGEID #1753. Plaintiff claims that the ALJ's failure to specify is reversible error, as portions of Dr. McKinney's opinion "appear consistent with and supportive of the opinions of treating psychiatrist Dr. Moody." Doc. #10, PAGEID #4294. However, as discussed above, the ALJ's decision to discount Dr. Moody's opinions was reasonable, and the ALJ incorporated Dr. McKinney's diagnoses of "unspecified depressive disorder and unspecified anxiety disorder[,] as well as opioid use disorder in reported remission[,]" Doc. #7-1, PAGEID #1753, as "severe impairments[.]" Id., PAGEID #1747. Thus, any error of omission in the ALJ's analysis did not prejudice Plaintiff.

8

other." *Walker v. Astrue*, No. 3:11-cv-142, 2012 WL 3187862, at *5 (S.D. Ohio 2012) (Newman, Mag. J.), *Report and Recommendations adopted at* 2012 WL 3755606 (S.D. Ohio Aug. 29, 2012) (Rose, J.) (quoting *Griffeth v. Comm'r of Soc. Sec.*, No. 06-1236, 217 Fed. Appx. 425, 429 (6th Cir. 2007)). As the Magistrate Judge correctly noted, "the ALJ clearly explained his rationale based upon objective evidence in the record, and the RFC he determined is, without question, within the permissible 'zone of choice[.]'" Doc. #13, PAGEID #4335 (quoting *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); citing Doc. #7-1, PAGEID #1762-64)). The ALJ's construction of a logical bridge between evidence of record and the RFC means this Court may not disturb that finding. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009).

5. Finally, Plaintiff argues that the ALJ inverted SSR 13-2p by using her history of drug abuse and addiction to discount Plaintiff's symptoms and find her not disabled, rather than first determining whether, drug abuse notwithstanding, Plaintiff was disabled, and <u>then</u> determining whether said abuse was "a contributing factor material to a disability determination." Doc. #13, PAGEID #4335 (citing 20 C.F.R. §§ 404.1513, 416.913; Soc. Sec. R. 13-2p, 2013 WL 621536, at *2 (Mar. 22, 2013)). As discussed above, the ALJ did indicate that some of Plaintiff's impairments had lessened in severity due to the remission of her drug addiction. However, there is no indication that the ALJ made Plaintiff's RFC less restrictive <u>due to</u> her substance addiction. Indeed, as the Magistrate Judge noted, "the ALJ determined that Plaintiff is not disabled, even when considering the effect of her drug addiction and/or alcoholism. Therefore, the ALJ properly followed the

9

requirements set forth in SSR 13-2p." Doc. #13, PAGEID #4336 (citing Doc. #7-1, PAGEID #1758, 1767). Accordingly, Plaintiff's Objection is not well-taken.

WHEREFORE, based upon the aforesaid, this Court ADOPTS the Report and Recommendations of the Magistrate Judge, Doc. #13. Plaintiff's Objections to said judicial filing, Doc. #14, are OVERRULED. Judgment shall enter in favor of the Commissioner and against Plaintiff, affirming the Commissioner's decision that Plaintiff was not disabled.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 8, 2018

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT